1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

CHRISTOPHER ACOBA,

8                          Petitioner,

9          v.

10  UNITED STATES OF AMERICA,

11                          Respondent.

CASE NO. C16-5318BHS
CASE NO. CR12-5345BHS

ORDER GRANTING PETITION

12

13      This matter comes before the Court on Petitioner Christopher Ryan Acoba's

14  ("Acoba") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

15  (Dkt. 1).  The Court has considered the pleadings filed in support of and in opposition to

16  the motion and the remainder of the file and hereby grants the motion for the reasons

17  stated herein.

18                          **I. PROCEDURAL HISTORY**

19      On November 5, 2012, Acoba pled guilty to one count of Felon in Possession of a

20  Firearm in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2).  As part of the plea agreement,

21  Acoba acknowledged that he had six prior felonies under Washington law, including

22  attempting to elude a police officer and assault in the third degree.  Acoba's base offense

ORDER - 1

1 | level was 20 under the sentencing guidelines because he committed the offense

2 | subsequent to sustaining at least one crime of violence.  U.S.S.G. 2K2.1(a)(1)(4).  The

3 | notes for this section of the guidelines provide that the phrase "crime of violence" has the

4 | meaning as set forth in U.S.S.G. 4B1.2(a), which contains a residual clause.  On August

5 | 20, 2013, the Court sentenced Acoba to 70 months of incarceration.

6 | On April 28, 2016, Acoba filed the instant motion seeking relief under *Johnson v.*

7 | *United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 587 U.S.

8 | __, 136 S. Ct. 1257 (2016).  On June 3, 2016, the Government responded.  Dkt. 4.  On

9 | June 17, 2016, Acoba replied.  Dkt. 8.

10 | On July 5, 2016, the Government filed a motion to stay pending the Supreme

11 | Court's decision in *Beckles v. United States*.  Dkt. 9.  On July 8, 2016, Acoba responded.

12 | Dkt. 10.  On July 26 and August 2, 2016, Acoba filed a notice of supplemental authority.

13 | Dkts. 11, 12.

## II. DISCUSSION

15 | As a threshold matter, the majority of the issues presented in this case have been

16 | addressed by courts in this district and across the nation.  The Court declines to reinvent

17 | the wheel and, instead, will simply adopt opinions that it finds persuasive on the

18 | particular issue addressed.

19 | **A.    Stay**

20 | The Government requests that the Court stay this matter pending the Supreme

21 | Court's expected decision in *Beckles*.  Dkt. 9.  The Court denies the Government's

22 | motion because "this [is] a habeas case challenging an unconstitutional confinement,

1  [and] it is also unclear when or if the Supreme Court will decide *Beckles*." *Knox v.*

2  *United States*, No. C16-5502BHS, 2016 WL 3906915, at *2 (W.D. Wash. July 19, 2016).

3  **B.       § 2255**

4        First, the Government argues that Acoba waived any right to appeal his sentence.

5  Dkt. 4 at 5–6.  The Court disagrees because Acoba's sentence violates the law.  *United*

6  *States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *Gilbert v. United States*, Case No. 15-

7  cv-1855-JCC, 2016 WL 3443898, at *2 (W.D. Wash. June 23, 2016); *Dietrick v. United*

8  *States*, No. C16-705 MJP, 2016 WL 4399589, at *2 (W.D. Wash. Aug. 18, 2016) (same).

9        Second, the Government argues that Acoba's petition is procedurally barred.  Dkt.

10  4 at 6–7.  The Court disagrees, adopts the reasoning of courts in this district, and finds

11  that Beyer's claim is not procedurally defaulted because he has demonstrated cause and

12  prejudice.  *See Gilbert*, 2016 WL 3443898, at *2–3 (finding the cause requirement

13  satisfied in this context because *Johnson* explicitly overruled the holdings in *Sykes v.*

14  *United States*, 564 U.S. 1 (2011), and *James v. United States*, 550 U.S. 192 (2007), that

15  the ACCA residual clause was constitutional); *Dietrick*, 2016 WL 4399589, at *3 (same).

16        Third, the Government argues that *Johnson* does not apply to the sentencing

17  guidelines.  Dkt. 4 at 7–13.  The Court disagrees, adopts the reasoning of courts in this

18  district, and concludes that *Johnson* is retroactively applicable in this context.  *See*

19  *Gilbert*, 2016 WL 3443898, at *3–6; *Dietrick*, 2016 WL 4399589 at *3 (same); *see also*

20  *Welch*, 136 S. Ct. 1257; *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir.

21  2011).

22

1        Finally, the Government argues that the guidelines cannot be challenged as

2   unconstitutionally vague.  Dkt. 4 at 13–14.  The Court disagrees, adopts the reasoning of

3   a court in this district, and concludes that *Johnson* created a new substantive rule that

4   invalidates the guideline's residual clause.  *Gilbert*, 2016 WL 3443898, at *5–6.

5   **III. ORDER**

6        Therefore, it is hereby **ORDERED** that the Government's motion to stay (Dkt. 9)

7   is **DENIED** and Acoba's motion to vacate, set aside or correct sentence pursuant to 28

8   U.S.C. § 2255 (Dkt. 1) is **GRANTED**.  The parties shall work with the Clerk to schedule

9   an expeditious resentencing in the criminal case.  The Clerk shall close this case.

10        Dated this 6th day of September, 2016.

11

12                                       BENJAMIN H. SETTLE

13                                       United States District Judge

14

15

16

17

18

19

20

21

22